IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIC WATSON | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-272 |
| BRYAN COLLIER, *et al.,* | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Eric Watson, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Bryan Collier, Steve Massie, Texas Department of Criminal Justice, Darren Wallace, Mark W. Stiles Unit, John Doe, and Sammy Carl Nelson, Jr.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

The above-referenced civil rights action was filed on May 14, 2021 (doc. # 1). On September 22, 2022, the undersigned entered an Order to Replead and an Order requiring Plaintiff to file an application to proceed *in forma pauperis* for non-prisoners (doc. #s 6 & 7). Plaintiff received a copy of both orders on September 26, 2022 (doc. # 9). While Plaintiff filed a Motion to Proceed *In Forma Pauperis* on October 28, 2022, Plaintiff has failed to file a response to the order to replead.

Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

Plaintiff has failed to respond to this court's order to replead, preventing the court from conducting screening as required under 28 U.S.C. § 1915(e)(2)(B). Plaintiff has thus failed to diligently prosecute this case. This case should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Recommendation

This civil rights action should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 1st day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE